Dear Mr. Ponder:
Please be advised that the office of the Attorney General is in receipt of your opinion request regarding the following questions:
 (1)Must juvenile probation officers receive a commission before they may perform the duties of law enforcement officers?
 (2)Is there presently a City-Parish agency or official that has the authority to commission juvenile probation officers? If so, which agency or official has this authority?
 (3)Can they be commissioned by the Director of Juvenile Services absent an ordinance or statute giving the Director the power to commission? If not, can the governing authority authorize the Director to commission them simply by the passage of an ordinance giving him this power? If so, must the Director possess certain qualifications before the City-Parish may authorize him to issue a law enforcement commission?
 (4) Does La.R.S. 40:1379.1 prohibit or fail to authorize the State Police (Department of Public Safety and Corrections) from issuing commissions to our officers?
In response to your first inquiry, in order for juvenile probation officers to perform the duties of law enforcement officers, they must receive a commission from the appropriate authority. Under Louisiana Children's Code Article 421, the authority to commission probation officers is expressly and unambiguously given to the judge of the as defined by La. Ch. C. Article 116. Article 421 states, "The judge of the court shall have the authority to commission probation officers" Under this scheme of commissions, the juvenile probation officers' police powers arise from the juvenile court.
In further responding to your request, La.R.S. 40:1379.1 allows for the superintendent of state police to issue "special officers" commissions. These commissions are granted at the discretion of the Superintendent of the Louisiana State Police and are given independent of the recipient's position. Under this scheme of commissions, it is irrelevant that the individuals in question are juvenile probation officers. However, the statutory scheme is clear that applicants for such special officer commissions must demonstrate a need for statewide police power. There is no statutory authority that would prohibit juvenile probation officers from applying for such special officer commissions. The power of arrest and other police powers under this type of commission would arise from the Louisiana State Police, not the juvenile court.
In response to your third question, because the Director of Juvenile Services is not given the authority to commission through any statute, they cannot do so. In order to possess this authority, the legislature would have to pass a statute expressly conferring this power to a person of that title.
Therefore, it is the opinion of this office that juvenile probation officers must receive a commission in order to perform the duties of law enforcement officers. The judge of the court has been empowered by the legislature to commission persons as juvenile probation officers. La. Ch.C. Art. 421. Additionally, the superintendent of the state police may issue a special officer commission to any individual he deems to have met the requirements for such a commission. La.R.S. 40:1379.1. However, this latter commission is not a commission specific to juvenile probation officers, as is the former.
I hope this opinion has been helpful. If I may be of further assistance, please do not hesitate to contact my office. With warmest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ JAMES L. PIKER Assistant Attorney General
JLP/vc/j